UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WILLIE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 8:25-cv-2643 |
| | ) |
| | ) |
| DOUGLAS COLLINS, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| Defendant. | ) |

**INITIAL COMPLAINT**

Plaintiff, WILLIE TURNER, by and through his undersigned attorney, files this INITIAL COMPLAINT against DEFENDANT, DOUGLAS COLLINS, in his capacity as SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS, alleging, as follows:

**INTRODUCTION**

This suit claims violation of the Plaintiff's rights under Title VII of The Civil Rights Act of 1964, and The Rehabilitation Act of 1973. Plaintiff, Willie Turner, was subjected to acts of discrimination based on his disabilities (Traumatic Brain Injury, PTSD, among others), harassment, and retaliation from his management team following his engagement in EEO complaint process and reasonable accommodation process, as well as advocating for his needs throughout the RA process and. Plaintiff actively engaged with the Agency in administrative processes regarding his medical conditions and management's harassment since approximately May 2020. Mr. Turner was employed

1

by the Agency since 2010 and was hired with knowledge and consideration of his disabilities.  All of Mr. Turner's medical conditions stem from his military service, and include: Traumatic Brain Injury, Post Traumatic Stress Disorder (PTSD), among others.  At all times from 2010 though the issues in this case arising in 2022, Mr. Turner successfully performed his position of Veterans Service Representative (VSR).  Then after a period of harassment under the supervision of his direct supervisor for an extended time period between 2020 to 2021, he began experiencing more severe symptoms associated with several of his disabilities.  His medical providers attributed this to his conditions being exacerbated by stress from his work environment. Eventually, Mr. Turner's symptoms caused him to request a reasonable accommodation in order to perform his duties to allow appropriate treatment of his exacerbated conditions while allowing him to perform the essential functions of his position with job modifications and other accommodations.

During the reasonable accommodation process, the Agency engaged in harassment and disparate treatment towards Mr. Turner in its engagement and decision making with Plaintiff.  This resulted in an environment that severely and detrimentally affected Mr. Turner's working conditions, causing him to leave the Agency on September 29, 2022.  The Agency's failure to property accommodate Plaintiff, and to harass him, effectively caused his termination.

## PARTIES

1. Plaintiff, WILLIE TURNER, is an individual who at all times material to this complaint was an employee of the Defendant within the meaning of "employee" in Title VII of the Civil Rights Act of 1964 and The Rehabilitation Act of 1973.

2. Defendant, DOUGLAS COLLINS, is the Secretary of the Department of Veterans Affairs, and is being sued here in his official capacity as Secretary of Plaintiff's employer.

## JURISDICTION

3. Plaintiff brings this action under the Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 1331 and § 1343, 42 U.S.C. § 2000e-3; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*, and the Fifth Amendment of the United States Constitution ("deprived of life, liberty, or property, without due process").

4. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   b. 28 U.S.C. § 1343 (3) and (4), which gives a district court jurisdiction over action to secure civil rights extended by the United States government.

   c. 28 U.S.C. § 1367(a), which gives this district court supplemental jurisdiction over Plaintiff's related claims arising under state laws.

## ADMINISTRATIVE PREREQUISITES

5. Prior to filing a civil action under Title VII of the Civil Rights Act of 1964, a federal sector Plaintiff must first exhaust the administrative process set out at 29 C.F.R. Part 1614. Plaintiff received an appellate decision from the Office of Federal Operations,

Equal Employment Opportunity Commission on June 30, 2025, via email, demonstrating exhaustion of the administrative process. The Plaintiff exercises his appeal rights for all matters appealable from her administrative complaint, as described in the stated statutes, and as considered by the Defendant's agency, in exhaustion of the administrative process. All matters prosecuted in this Complaint, are related to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-3, *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*; and are intertwined and within the scope of the discrimination and harassment charged, and exhausted.

## VENUE

6.  Venue lies within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 (e)(1) because Plaintiff resides in Pinellas County, Florida, where he resided at all times during his employment with the VA Bay Pines/St. Petersburg Regional Office and in that a substantial part of the events or omissions giving rise to the claim occurred in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.  Plaintiff, Willie Turner, began employment with the Defendant agency in in 2010 as a Veterans Service Representative (VSR).

8.  From the time he commenced employment with the St. Petersburg Regional Office Care System, through August 2022, Mr. Turner met or exceeded all performance standards.

9. As a result of issues with his direct supervisor in 2020, Plaintiff initiated an EEO Complaint against the Agency May 8, 2020. Hereinafter, this EEO Case will be referred to as "EEO Case No. 1."

10. EEO Case No. 1 was active throughout multiple administrative legal processes through the entirety of Mr. Turner's continued employment with the Agency through September 2022.

11. Prior to the conclusion of EEO Case No. 1, Plaintiff sought and obtained assignment to new supervisor, which temporarily relieved Mr. Turner from ongoing, daily interactions that exacerbated his medical conditions.

12. However, during this time frame, Mr. Turner began experiencing worsening symptoms caused by multiple medical conditions.

13. Mr. Turner and his medical providers determined that due to the unique and severe nature of his TBI and PTSD conditions he required reasonable accommodations in the form of job modifications and other accommodations temporarily to allow him to properly treat his exacerbated conditions after the period of prolonged stress he experienced during the litigation and day to day interactions involved in the dispute with his previous direct supervisor.

14. Mr. Turner attempted to engage with the Agency in the reasonable accommodation process with the Agency for a second time in April 2021.

15. However, based on communications with HR Personnel, Timothy Perkins, Mr. Turner was led to believe that nothing further could be done to accommodate him at that time.

5

16. However, Mr. Turner continued to experience more severe and increased symptoms caused by his medical conditions from April 2021 through May 2022.

17. Thus, in spring of 2022, Mr. Turner again began to engage with the Agency in the reasonable accommodation process.

18. On March, 23, 2022, Agency management notified Mr. Turner that he was being placed on a performance improvement plan (PIP) for alleged performance deficiencies.

19. During the March 23, 2022, Mr. Turner was denied union representation guaranteed to him at that time by a collective bargaining agreement applicable to his position.

20. On April 13, 2022, Mr. Turner's supervisor (or "Coach") provided Plaintiff with a written performance improvement plan (PIP).

21. Beginning on April 13, 2022 Agency required Mr. Turner to attend a weekly PIP meeting with management.

22. On May 5, 2022, Plaintiff's first- and second-line supervisor, John Alazhous and Michael Barfield, granted alternative accommodations for Mr. Turner, all of which were not effective to accommodation his disabilities.

23. On May 19, 2022, Plaintiff participated in a meeting with HR Personnel where he communicated his need for effective accommodation and the exacerbating nature of the PIP meetings he had been forced to attend, but no changes were made to his accommodation or work environment by Agency.

24. Meanwhile, Mr. Turner continued to attempt to obtain clarification about what his accommodation file had on record, and RA Coordinator, Mr. Timothy Perkins, delayed providing Mr. Turner a complete copy of his reasonable accommodation file from May 3, 2022 through May 29, 2022.

25. From May 2022 through September 2022, Mr. Turner attempted to engage in multiple interactive sessions with the management official assigned by the Agency, requested multiple interim accommodations, and a provided detailed correspondence from his medical providers.

26. However, from May 2022 through September 2022, the Agency failed to grant him an effective accommodation.

27. On May 27, 2022, as a result of the Agency's actions towards him with regarding to the reasonable accommodation process and performance improvement plan, Plaintiff initiated a second EEO Complaint against the Agency. Hereinafter, this EEO Case will be referred to as "EEO Case No. 2."

28. On June 16, 2022, Mr. Turner explained to Agency's human resources personnel and management that the Agency's failure to accommodate him was detrimentally affecting his mental and physical health.

29. On June 16, 2022, in light of the exacerbation to his condition and overall health, requested interim accommodation to be immediately implemented.

30. On June 16, 2022, the interim accommodation, included, but not limited to Mr. Turner's need for a support person to appear and communicate with him in the

reasonable accommodation process because of the cognitive symptoms caused by his TBI and PTSD.

31. The cognitive symptoms associated with his TBI, and other conditions, increase in times of stress.

32. Mr. Turner was experiencing increased anxiety and stress in his communications and interaction with HR and management in the reasonable accommodation process because of the tone, demeanor, and actions of management and HR that appeared contrary to what would effectively accommodate him during these interactions.

33. On June 17, 2022, Mr. Turner submitted detailed medial documentation to the Agency explaining the effective accommodations required.

34. On June 24, 2022, HR Personnel, Timothy Perkins, ignored medical documentation and requests from Plaintiff regarding the method of communication required by Plaintiff because of his disabilities in order to engage effectively in the reasonable accommodation process.

35. On July 13, 2022, the Deciding Official designated by the Agency to make a decision on Mr. Turner's reasonable accommodation request held a meeting with Mr. Turner, who was accompanied by his designated support person.

36. On July 15, 2022, Agency denied Plaintiff's request for interim accommodation and permanent accommodations and granted Plaintiff "alternative accommodations" of which were not fully effective to accommodate Plaintiff.

37. On July 21, 2022, Agency granted Plaintiff additional "alternative accommodations" of which were not fully effective to accommodate Plaintiff.

38. From July 26, 2022 to August 4, 2022, HR Personnel, Timohty Perkins, violated portions of the "alternative accommodations" granted to Mr. Turner on July 15, 2022.

39. On July 26, 2022, Plaintiff requested information and clarification from the Agency in response to the accommodation decisions issued on July 21, 2022.

40. On July 26, 2022, Plaintiff requested additional reasonable accommodations required to effectively accommodate him in his position with the Agency.

41. After the reasonable accommodation request and requests for information were made by Plaintiff on July 26, 2022, Agency failed to engage with Mr. Turner.

42. Mr. Turner's required weekly performance improvement period meetings continued through August 29, 2022, and during which many he was subjected to harassment based on his disability by the tone and demeanor of management attending, as well as direct violations of Agency's own granted "alternative accommodations."

43. From August 9, 2022 to September 1, 2022, Plaintiff's second line supervisor, Allison Weise, refused to consider Plaintiff's disabilities or lack of reasonable accommodation when providing Mr. Turner his performance-based appraisal.

44. On September 1, 2022, Supervisor Weise, and Agency management, Kelli Perillo, issued Plaintiff an "unsuccessful" performance rating.

45. On September 19, 2022, and September 20, 2022, after receiving requests for effective accommodations from Plaintiff, Agency management, Kelli Perillo, refused to process Mr. Turner's additional reasonable accommodation requests.

46. On September 21, 2022, Tim Perkins and management determined Complainant was unable to perform the essential functions of his current position.

47. On September 25, 2022, Plaintiff initiated another reasonable accommodation seeking effective accommodations that had not been implemented by the Agency and requested that the Agency take action to prevent the ongoing actions from management.

48. From September 25, 2022 through September 29, 2022, HR Personnel, Timothy Perkins, refused to communicate with Plaintiff during the interactive process that accommodated complainant's disabilities in compliance with medical documentation provided to Mr. Perkins.

49. From September 25, 2022 through September 29, 2022 management failed to issue a decision regarding Complainant's reasonable accommodation request.

50. From September 25, 2022 to September 29, 2022, management failed to provide Complainant reasonable accommodation of allotting one day solely for review of IPR and IQR corrections.

51. On September 29, 2022, Mr. Turner resigned due to the Agency's failure to effectively accommodate him and the ongoing hostile work environment caused by the Agency's actions and inactions and its detrimental effect on his health.

## COUNT I

**(Disability Discrimination in Violation of Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq.)**

52. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

53. As described above, Defendant took adverse employment actions against Plaintiff because of her disability.

54. Plaintiff was an employee within the meaning of the Rehabilitation Act, as amended.

55. Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act, as amended, because Plaintiff with and without a reasonable accommodation could perform the essential functions of his job with Defendant.

56. Defendant failed to provide Plaintiff with reasonable accommodations.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

## COUNT II

**(Violation of the Rehabilitation Act of 1973, 29 U.S.C. 710 et seq.; for failure to accommodate)**

58. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

59. Defendant failed to provide Plaintiff with reasonable accommodations or otherwise appropriately engage in the interactive process upon Plaintiff presenting information necessitating the same.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

## COUNT III

**(Reprisal based on Violation of Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq., and Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)**

61. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

62. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by the Rehabilitation Act, reporting issues St. Petersburg Regional Office, and opposing actions taken by management. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by the Rehabilitation Act.

63. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus for the Plaintiff participating and utilizing protected procedures in violation of the Rehabilitation Act.

64. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

## COUNT IV
**(Hostile Work Environment/Harassment based on Disability as a Violation of Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq.)**

1. Plaintiff incorporates and realleges the fore.

2. As described above, Plaintiff was subjected to continuing acts of the Defendant's conduct constituting hostile and abusive working environment in violation of the Rehabilitation Act, as amended.

3. Plaintiff has medical conditions (mental) that substantially limit a major life activity.

4. Plaintiff was qualified to perform the essential functions of his job with or without a reasonable accommodation.

5. Defendant knew of Plaintiff's disability since being hired.

6. As set forth in more detail herein, by allowing the creation of a hostile work environment due to Plaintiff's disability, Defendant deprived Plaintiff of the enjoyment of all the benefits, privileges, terms, and conditions of the contractual relationship because of his disabilities.

7. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, the Plaintiff has been denied his rights to equal employment opportunity in violation of the Rehabilitation Act.

8. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus towards him because of his disability.

9. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

10. Defendant failed to address or prevent Plaintiff from the hostile work environment upon notice of hostile and abusive conduct by Plaintiff.

## COUNT V

**(Hostile Work Environment based on Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.**

65. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

66. As described above, Plaintiff was subjected to continuing acts of the Defendant's conduct constituting hostile and abusive working environment in violation of Title VII.

67. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

68. Defendant failed to address or prevent Plaintiff from the hostile work environment upon notice of hostile and abusive conduct by Plaintiff.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

## COUNT VI
**(Reprisal in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e)**

70. Plaintiff incorporates and realleges paragraphs 7 – 80.

71. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by the Civil Rights Act, reporting issues to St. Petersburg RO and the management chain.

72. In retaliation for Plaintiff's protected activity and opposition statements, the Defendant retaliated against Plaintiff.

73. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus for the Plaintiff participating and utilizing protected procedures in violation of the Civil Rights Act.

74. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by the Civil Rights Act.

75. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

## COUNT VII

### (Discrimination based on race/color in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.)

76. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

77. As described above, Defendant took adverse employment actions against Plaintiff because of his race (African American) and color (black).

78. Plaintiff was an employee within the meaning of the Civil Rights Act of 1964, as amended.

79. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's true motivations for its actions in violation of the Civil Rights Act.

80. The Defendant's conduct as alleged above constitutes discrimination in violation of the Civil Rights Act.

81. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court to:

    a.    Award Plaintiff for past and future loss of wages and benefits, plus interest;

    b.    Reimbursement of annual and sick leave;

    c.    Compensatory damages for pain and suffering;

    c.    Other non-pecuniary damages;

    d.    Attorney's fees and costs; and

    e.    For such other relief, this Court deems just and equitable

### **JURY DEMAND**

The Plaintiff requests trial by jury.

    Respectfully Submitted,

By /s/Samantha Ghezelbash
**Samantha Ghezelbash**
FL Bar No.: 0127189
Legal Lion Employment Law Firm, P.L.L.C.
1775 South Kings Avenue
Brandon, FL 33511
Office: (813) 437-0300
Facsimile: (813) 437-0301

16

                                  Email: Samantha@LLAdvocates.com
                                  *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

                                  By */s/ Samantha Ghezelbash*
                                  **Samantha Ghezelbash**